### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| **RICHARD G. THOMAS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 4:04cv0066 AS** |
| | ) | |
| **BRIAN T. BROWN, and** | ) | |
| **CITY OF LAFAYETTE, INDIANA,** | ) | |
| | ) | |
| **Defendants** | ) | |

### *MEMORANDUM, OPINION AND ORDER*

This case was originally filed in the Lafayette division of this court on September 15, 2004 and has been pending since. Hearing and oral argument were had on September 18,2006 in Lafayette, Indiana. There is no basis here for jurisdiction under 28 U.S.C. §1332. To the extent there is jurisdiction, it is of the federal variety. Specifically, the claims here are under 42 U.S.C. §1983 and all that involves. Motions for summary judgment have been made under Rule 56 of the Federal Rules of Civil Procedure by both the City of Lafayette and defendant Brian T. Brown.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th

Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson*

addressed the standards under which the record is to be analyzed within the structure of Rule

56.

 The initial burden is on the moving party to demonstrate, "with or without supporting

affidavits," the absence of a genuine issue of material fact and that judgment as a matter of

law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324   (quoting

FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998).  A

question of material fact is a question which will be outcome determinative of an issue in the

case.  The Supreme Court has instructed that the facts material in a specific case shall be

determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S.

at 248.  Once the moving party has met the initial burden, the opposing party must "go

beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material]

issue for trial.'"  *Id.*  The nonmoving party cannot rest on its pleadings, *Weicherding v.*

*Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918

(7th Cir. 1994);  nor may that party rely upon conclusory allegations in affidavits. *Smith v.*

*Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995).

 During its summary judgment analysis, the court must construe the facts and draw all

reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort*

*Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).  Furthermore, it is required to analyze

summary judgment motions under the standard of proof relevant to the case or issue.

2

*Anderson*, 477 U.S. at 252-55.   Applying the above standard, this Court addresses defendants' motion.

Some essentials must be kept in mind.  The factual record which is abundant must be examined in the light most favorable to this plaintiff and against these defendants.  That is understood.  With regard to the presence as a defendant in this case of the City of Lafayette, Indiana, the Supreme Court decision in *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) requires the granting of the summary judgment in favor of that municipal corporation. Generally, respondeat superior is not, standing alone, the basis for municipal liability under §1983. *See  Rascon v. Hardiman*, 803 F.2d 269 (7th Cir. 1986), and *Adams v. Pate*, 445 F.2d 105 (7th Cir. 1971).

The claims as against the defendant Brian T. Brown present greater and different difficulties.  Nonetheless, it is useful and necessary to remind all concerned of some basics about §1983 claims.  Such claims cannot be bottomed on negligence.  It is fundamental. *See Davidson v. Cannon*, 474 U.S. 344 (1986), and *Daniels v. Williams*, 474 U.S. 327 (1986). Thus, any of the plaintiff's arguments premised on negligence are in trouble.

A recent decision of the Court of Appeals in this circuit emanating from this court is useful.  The decision of United States Magistrate Judge Christopher A. Nuechterlein as reported in 320 F.Supp. 2d 761 is the beginning point followed by the affirmation of the same by the Court of Appeals in *Alexander v. City of South Bend*, 433 F.3d 550 (7th Cir.

3

2006).  This court has given close attention to the *Alexander* case and the reasoning and result in the Court of Appeals.

This court is not quite ready to bottom a grant of summary judgment in favor of the defendant Brown and against plaintiff Thomas on the basis of *Alexander*, but it is a decision that may well need to be revisited here again.  Incidentally, it is the belief here that the separate ruling in the *Alexander* case by the Court of Appeals in regard to *Monell* supports this court's decision on the Monell issue here.

This court has also given close attention to an opinion in another circuit.  The delineations made in *Kingslan v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004) may well provide some guidance here, understanding that the factual setting in *Kingsland* is considerably different than the factual setting here.

One issue that appears to be useful in *Kingsland* has to do with the arguments advanced here regarding qualified immunity under *Harlow v. Fitzgerald,* 457 U.S. 800 (1982), and *Malley v. Briggs*, 475 U.S. 335 (1986).  Obviously there is an interplay between a factual setting that will justify the granting of qualified immunity with the question of whether the plaintiff has made a case against the particular police officer under §1983.  While it may be a stretch here, and understanding the necessary level of intent under §1983, this court is not here bottoming any decision on the qualified immunity of Brian T. Brown.  Obviously *Saucier v. Katz*, 533 U.S. 194 (2001) plays into this formulation.

So the claims remain as between the plaintiff Thomas and defendant Brown, understanding the heavy burden of proof involved with regard to the intent element under 42 U.S.C. §1983.  The plaintiff will be given an opportunity to meet that burden under the Seventh Amendment of the Constitution of the United States before an eight-person jury in the federal court in Lafayette, Indiana.  It is also probable that some issues mentioned here may be revisited on a motion for directed verdict at the end of plaintiff's case.

In that regard, it is most respectfully suggested that the able counsel in this case return to the processes of settlement discussions engaging in deep reality therapy with a highly experienced United States magistrate judge in Hammond, Indiana.  The motion for summary judgment filed by defendants is **GRANTED** as to defendant City of Lafayette, Indiana and **DENIED** as to defendant Brian T. Brown.  **IT IS SO ORDERED.**

**DATED:**  January 8, 2007

                          **S/ ALLEN SHARP**
                         **ALLEN SHARP, JUDGE**
                         **UNITED STATES DISTRICT COURT**

cc: The Honorable Andrew P. Rodovich

5